UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE ESTATE OF BRIAN PERRY, by its administrator RODNEY W. PERRY, and Minor Children JP, MP, and BP by and through their next friend CARL PERRY, | ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:05-cv-1153-JDT-WTL |
| | ) | |
| BOONE COUNTY SHERIFF, BOONE COUNTY JAIL COMMANDER TERESA BRANNON, SHERIFF DENNIS M. BRANNON, DR. PATRICK DOOLAN, and BOONE COUNTY JAIL EMPLOYEES AND/OR GUARDS, IDENTITIES PRESENTLY UNKNOWN, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DENYING MOTION TO DISMISS PLAINTIFFS'
COMPLAINT FOR FAILURE TO STATE A CLAIM (Docket No. 25)[1]**

This matter is before the court on a motion to dismiss filed on November 1, 2005,

by Defendant Dr. Patrick Doolan (Docket No. 25).  Plaintiffs The Estate of Brian Perry,

(by its administrator Rodney W. Perry) and minor children JP, MP, and BP (by and

through their next friend Carl Perry) filed a responsive brief on December 21, 2005.  Dr.

Doolan filed a reply brief on January 3, 2006.  In their complaint filed August 4, 2004,

the Plaintiffs allege that while Mr. Brian Perry was being held in the Boone County Jail,

---

[1]   This Entry is a matter of public record and will be made available on the court's web
site.  However, the discussion contained herein is not sufficiently novel to justify commercial
publication.

he died from seizures related to alcohol withdrawal and delirium tremens.  The Plaintiffs

assert that the Defendant's actions in treating or failing to treat Mr. Perry equaled

deliberate indifference to Mr. Perry's serious medical needs, resulting in death.  Based

on these and other allegations, the Plaintiffs seek relief under 42 U.S.C. § 1983.

I.      PLAINTIFFS' ALLEGATIONS

The following allegations set forth in the complaint are relevant to Dr. Doolan's

motion to dismiss.  They are not tested by any evidentiary determination and must be

presumed to be true for purposes of the motion under consideration.

On April 1, 2004, Brian Perry was arrested and transported to the jail.  (Compl. ¶

14.)  Shortly after his arrival, Mr. Perry began experiencing alcohol withdrawal and

delirium tremens.  (Id. ¶ 20.)  Jail personnel noted his symptoms.  (Id. ¶ 21.)  That night,

Mr. Perry suffered a seizure, witnessed by jail personnel, and then again the following

night.  (Id. ¶¶ 25, 27.)  On this occasion, jail personnel took Mr. Perry to the hospital,

where he was treated and released with instructions to return for an appointment on

April 5.  (Id. ¶¶ 28, 31.)  On April 3, Mr. Perry suffered his third seizure.  (Id. ¶ 36.)  Jail

personnel again took him to the hospital where he was treated and released with

instructions to return to the emergency room or to contact his family physician if there

were any additional problems.  (Id. ¶¶ 38, 41.)

On the following morning, Mr. Perry suffered another seizure.  (Id. ¶ 44.)

Contrary to hospital instructions, jail personnel did not call his family physician or return

him to the hospital.  (*Id.* ¶ 45.)  When Dr. Doolan was paged regarding Mr. Perry, Dr.

Doolan prescribed Valium.  (*Id.* ¶ 47.)  For approximately two hours, Mr. Perry refused

to take the Valium; when he finally did, he vomited the pill up. (*Id.* ¶¶ 48, 52-3.)  During

this period and for several hours afterward, Mr. Perry exhibited strange behavior,

including punching and kicking the wall.  (*Id.* ¶¶ 54-5.)  Jail personnel again contacted

Dr. Doolan, who prescribed another does of Valium to replace the one Mr. Perry had

vomited.  (*Id.* ¶ 57.)  Mr. Perry took it, and jail personnel noted that although Mr. Perry

was still exhibiting aberrant behavior, he was no longer hitting the walls with enough

force enough to hurt himself.  (*Id.* ¶¶ 58-60.)  On the morning of April 5, Mr. Perry again

refused his medication, and his aberrant behavior continued.  (*Id.* ¶¶ 61-2.)  On the

morning of April 6, Mr. Perry died.  (*Id.* ¶ 71.)

## II.    DISCUSSION

### A.    Standard of Review

Dr. Doolan argues that the Plaintiffs' complaint must be dismissed under Federal

Rule of Civil Procedure 12(b)(6).  Under Rule 12(b)(6), a complaint may be dismissed

for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A

motion to dismiss tests the sufficiency of the complaint, not the merits of the suit.  *See*

*Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).

When considering such a motion, the court must accept as true all factual

allegations in the complaint and draw all reasonable inferences in favor of the plaintiffs.

*Cole v. U.S. Capital*, 389 F.3d 719, 724 (7th Cir. 2004); *Hentosh v. Herman F. Finch*

*Univ. Of Health Sci.'s/Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999).  The court

must then review the plaintiff's statement of the claim to determine whether the plaintiff

has set forth facts supporting a cause of action that would entitle him or her to relief.

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Thus, a defendant's motion can be

granted only if the plaintiff has failed to allege sufficient facts to provide notice to the

defendant that under some set of facts to be proved later, consistent with the

allegations, the plaintiff can win the suit.  Specific facts and legal theories do not need to

be pled at this stage of the proceeding, that is, unless Federal Rule of Civil Procedure

9(b) requires otherwise.

**B.      The Plaintiffs Have Pled an Actionable Claim Against Dr. Doolan**

**Under 42 U.S.C. § 1983.**

Dr. Doolan seeks to dismiss the Plaintiffs' complaint because it mentions him

only twice, both times indicating that he treated Mr. Perry by prescribing medication to

him.  Dr. Doolan maintains that he did not ignore Mr. Perry's condition, which was not

serious.  Dr. Doolan argues that the complaint fails to meet the elements of objective

seriousness or subjective knowledge required for the deliberate indifference standard

and, therefore, fails to state a claim.  The Plaintiffs respond that their complaint

adequately puts Dr. Doolan on notice of the claims against him.  The Plaintiffs also aver

that the complaint meets both the elements of objective seriousness and subjective knowledge required for the deliberate indifference standard.

In medical cases, the Eighth Amendment's proscription against cruel and unusual punishment is expressed in terms of whether a defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97 (1976). The deliberate indifference standard articulated in *Estelle* contains an objective element and a subjective element. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Bd. v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). The first element requires that a prisoner's medical need be sufficiently serious. *Farmer*, 511 U.S. at 834 (citation omitted). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity of a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Mere disagreement with medical personnel over treatment does not establish deliberate indifference. *Estelle*, 429 U.S. at 107. Dissatisfaction with treatment prescribed by a prison doctor can give rise to a constitutional claim if the treatment is "so blatantly inappropriate as to evidence intentional mistreatment likely to aggravate the prisoner's condition." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996).

The second element requires that the official acted or failed to act with a "sufficiently culpable state of mind." *Id.* (citation omitted); *see also Gutierrez*, 111 F.3d at 1369.  A prisoner does not need to prove that the official acted with the intent to harm; all a prisoner must show is that the official knew of a substantial risk but acted or failed to act despite that knowledge. *Farmer*, 511 U.S. at 842.  Whether an official had that knowledge often is a question of fact: "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.*  Using the standard set forth in *Estelle*, the Seventh Circuit treats as the same claims under the Fourteenth Amendment (pretrial detainees) and the Eighth Amendment (prisoners). *Farnham*, 394 F.3d at 478.

In this case, the allegations in the complaint clearly allege a serious medical need.  Several federal courts have recognized alcohol withdrawal and delirium tremens as objectively serious medical needs. *Thompson v. Upshur County*, 245 F.3d 447, 457 (5th Cir. 2001); *Lancaster v. Monroe County*, 116 F.3d 1419, 1425-26 (11th Cir. 1997*); Liscio v. Warren*, 901 F.2d 274, 276 (2d Cir. 1990).  Here, the Plaintiffs allege that Mr. Perry had been incarcerated at that jail a number of times for alcohol-related incidents, and jail personnel knew that he had a history of alcohol abuse and seizures, among other health concerns. (Compl. ¶¶ 18-19.)   Suffering from alcohol withdrawal and delirium tremens, a condition noted by jail personnel (*id* . ¶ 22), Mr. Perry suffered four seizures and exhibited strange behavior over the course of several days.

The Plaintiffs' complaint also meets the subjective element for deliberate indifference. In paragraphs 47 and 57 of the complaint, the Plaintiffs allege that Dr. Doolan prescribed Valium in an attempt to calm Mr. Perry, a treatment admitted by Dr. Doolan. (Reply 3.) The Plaintiffs also allege that Dr. Doolan knew or had notice of Mr. Perry's serious medical needs and made treatment decisions reflecting deliberate indifference to them.

Giving the Plaintiffs the benefit of the inferences to which they are entitled at the pleadings stage, the court cannot say that the Plaintiffs can prove no set of facts consistent with their claim that Dr. Doolan violated the Eighth Amendment. Of course, this determination does not address whether the Plaintiffs may ultimately succeed on their claim. The resolution of factual issues as to whether jail officials or others who dealt with an inmate more likely than not acted deliberately is properly considered either on summary judgment or at trial, not a motion to dismiss. *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998). Given the fact-sensitive nature of the "deliberate indifference" inquiry, it is inappropriate to foreclose the Plaintiffs' claims prior to the development of a factual record. The concerns expressed by Dr. Doolan are not appropriately reached through a 12(b)(6) motion.

## C.    Court's Exercise of Supplemental Jurisdiction

Because this court does not dismiss the federal claim against Dr. Doolan, it will continue to exercise supplemental jurisdiction over the Plaintiffs' state law claims under 28 U.S.C. § 1367.

## III.    CONCLUSION

For the reasons stated above, the court **DENIES** the Motion to Dismiss Plaintiffs'

Complaint for Failure to State a Claim (Docket No. 25).

ALL OF WHICH IS ENTERED this 7th day of June 2006.

_____

John Daniel Tinder, Judge
United States District Court

Copies to:

David Robert Brimm
Waples & Hanger
dbrimm@wapleshanger.com

Jaunae M. Hanger
Waples & Hanger
hangerj@iquest.net

David J. Mallon JR
Ice Miller LLP
mallon@icemiller.com

G. Jayson Marksberry
Stephenson Morow & Semler
jmarksberry@stephlaw.com

Kelly J. Pitcher
Ice Miller LLP
kelly.pitcher@icemiller.com

James S. Stephenson
Stephenson Morow & Semler
jstephenson@stephlaw.com

Richard A. Waples
Waples & Hanger
richwaples@aol.com